```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

RAFAEL DE ARMAS                  )
       Plaintiff,                )
                                 )
       v.                        )
                                 )      C.A. No. 21-11069-PBS
JOSEPH L. ELSMORE, et al.,       )
                                 )
       Defendants.               )
                                 )
                                 )
```

**ORDER**

**July 14, 2021**

Saris, D.J.

Rafael De Armas, who is incarcerated at MCI Norfolk, has filed a complaint in which he alleges that MCI Norfolk Superintendent Nelson Alves and MCI Correction Officer Joseph Elsmore used excessive force against him and made a false disciplinary against him. According to De Armas, because of the false report, he has spent the past four months in segregation in the prison's disciplinary unit.

De Armas has also filed motions for leave to proceed in forma pauperis, for the appointment of counsel, and for a temporary restraining order that he be removed from disciplinary segregation.

Upon review of De Armas's filings, the Court hererby orders:

1. The motion for leave to proceed in forma pauperis is GRANTED. Because De Armas has been without any funds for six months, no filing fee is assessed. The entire $350 filing fee shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the treasurer of the institution having custody of De Armas.

2. The motion for a temporary restraining order is DENIED. A temporary restraining order may only issue without notice to the adverse party only when "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1). No such showing is made in this case. The denial of a motion for a temporary restraining order does not preclude De Armas from filing a motion for a preliminary injunction.

3. The motion for appointment of counsel is DENIED without prejudice to renewal after the defendants have been served with and responded to the complaint.

4. All claims for damages against the defendants in their official capacity are dismissed. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983. . . . State officers

are subject to § 1983 liability for damages in their personal capacities, however, even when the conduct in question relates to their official duties." (citation omitted)).

5. The Clerk shall issue summonses for both defendants and De Armas shall serve the summonses, complaint, and this order upon the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6. Because De Armas is proceeding <u>in forma pauperis</u>, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States. If asked by De Armas, the USMS shall serve the summonses, complaint, and this order upon the defendants as directed by the plaintiff. De Armas is required to provide the USMS all copies for service and complete a USM-285 form for each party to be served. The Clerk shall provide De Armas with forms and instructions for service by the USMS.

7. De Armas must ensure that service is completed within 90 days of the date the summonses issue. Failure to comply with this deadline may result in dismissal of the action without further notice from the Court.21-

SO ORDERED.

      /s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE